540

KINGDON GOULD and SCHUYLER NIELSON RICE, as executors, &c., of GEORGE J. GOULD, deceased, complainants-respondents,

*v.*

COMMERCIAL TRUST COMPANY OF NEW JERSEY et al., defendants-respondents; CHARLES A. ROBERTS, petitioner-appellant.

[Decided September 27th, 1934.]

On appeal from decrees of the court of chancery advised by Vice-Chancellor Backes, who filed the following opinion:

"Upon the final account, the court made allowances to the respective counsel, among others, Mr. Charles A. Roberts, of the New York bar, of $2,500. He asked for $25,000, and now asks a rehearing and that his allowance be increased.

"All the facts on this motion were before the court on the final hearing and were given consideration. The affidavits now presented simply stress those facts.

"On an appeal from an assessment of the federal death tax against the estate, counsel for the executors were successful in satisfying the federal taxing authorities that $1,525,000 of the item of $1,825,000 dealt with by us in *In re Gould, 105 N. J. Eq. 598; 108 N. J. Law 197,* and *8 N. J. Mis. R. 798,* was not taxable, apparently contrary to our holding that the item was taxable under our Transfer Inheritance Tax act. Just why $300,000 of the item was held not to be taxable, is not apparent. The result was a saving to the residuary

estate of over $400,000. The litigation was conducted by counsel for the executors and the labor involved in the effort was taken into consideration in fixing their compensation of $50,000.

"Mr. Roberts, in association with the firm of Lindabury, Depue & Faulks, representing one of the ten residuary legatees, took no active part in the litigation before the federal board, but he claims that after our court of errors and appeals affirmed the taxes in this state, counsel for the executors lost hope of success of the tax appeal and would have abandoned it had he not encouraged them and insisted upon going forward; that he supplied them with the ammunition and furnished the brains; that he made the balls and they threw them in the successful prosecution of the appeal. Counsel for the executors are not in agreement with him. He, no doubt, is a practitioner of profound learning and wide experience in the technique of taxation, and if he was the means of spurring them on, guiding them in their course, and giving to them his service and the benefit of his learning, he must look to them for compensation. If they retained him, he can recover from them. The court cannot make an allowance to him for services he rendered to them. It cannot pay twice.

"Mr. Roberts rendered services in conjunction with his New Jersey associates, Little Kanawha Syndicate, for which he admits the allowance made to him was adequate.

"The motion for an increase is denied."

*Messrs. Wall, Haight, Carey & Hartpence (Mr. Thomas G. Haight, of counsel), for the petitioner-appellant.*

*Mr. George W. C. McCarter, for the complainants-respondents.*

*Messrs. Lindabury, Depue & Faulks (Mr. J. Edward Ashmead, of counsel), for the defendants-respondents.*

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion of Vice-Chancellor Backes, in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, HETFIELD, WELLS, JJ. 10.

*For reversal*—HEHER, PERSKIE, KAYS, DEAR, JJ. 4.